UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN STRAT KARRAS BEY and
ALAIZA SANDRA MALDONALDO EL,

                    Plaintiffs,                    Case Number 24-13114
v.                                                 Honorable David M. Lawson
                                                   Magistrate Judge Anthony P. Patti
STATE OF MICHIGAN, FENTON POLICE
DEPARTMENT, TRAVIS WHITMAN,
BRADLEY RIGGS, ZACHARY R. MORRISON,
WILLIAM ANDRINGA, THOMAS COLE,
and CHRISTOPHER LOPEZ,

                    Defendants.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING THE COMPLAINT

On November 19, 2024, plaintiffs Steven Bey and Alaiza El filed their *pro se* complaint in this matter.  The complaint pleads four counts alleging that the defendants violated various federal constitutional provisions and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, by (1) detaining Steven Bey without probable cause, (2) "racially profiling" Bey based on his ethnicity and religious beliefs, and (3) "interfering" with the plaintiffs' right to practice their religious beliefs, along with (4) a state law count for intentional infliction of emotional distress.

The case was referred to Magistrate Judge Anthony P. Patti to conduct all pretrial proceedings.  After the complaint and summons were served, counsel for the defendants appeared and filed a motion to dismiss for failure to state a claim, invoking Federal Rule of Civil Procedure 12(b)(6).  On August 4, 2025, Judge Patti issued a report under 28 U.S.C. § 636(b) recommending that the Court grant the defendants' motion and dismiss the complaint.  The plaintiffs objected to that recommendation, and the matter now is before the Court for fresh review.

The plaintiffs lodged five numbered objections, and their filing also included a purported "motion for summary judgment" in the plaintiffs' favor. The "motion for summary judgment" is not properly before the Court because the local rules of this district prohibit combining a motion within other filed papers. *See* E.D. Mich. LR 7.1(i) ("Motions must not be combined with any other stand-alone document. For example, a motion for preliminary injunctive relief must not be combined with a complaint, [and] a counter-motion must not be combined with a response or reply. . . . Papers filed in violation of this rule will be stricken.").

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In their motion to dismiss, the defendants argued that (1) all of the claims against the State of Michigan and any agency of the state such as the Michigan State Police, as well as claims against Michigan State Trooper Zachary Morrison, are barred by the state's Eleventh Amendment sovereign immunity, and (2) the pleading otherwise fails to set forth any plausible claim for relief against any other individual defendants, because the allegations do not identify any individuals by name, and the complaint does not identify any individualized conduct that allegedly violated the

federal constitution or statutes, instead pleading only that the "defendants" collectively injured the plaintiffs' rights through unspecified wrongful acts.

The magistrate judge concluded that (1) the sovereign immunity argument is well taken and all of the claims against the State of Michigan, Michigan State Police, and Trooper Morrison are barred by that doctrine, and (2) an examination of the entire factual substance of the pleading, spanning a few sparse paragraphs, discloses that the complaint does not identify any individual defendants by name in connection with any specific wrongful acts, and, moreover, the allegations include no specific details about how any of the alleged violations occurred, e.g., no details about what specific acts constituted the alleged "excessive force." The magistrate judge concluded that the pleading in its entirety failed to set forth a short and plain statement of any claims sufficient to put the defendants on notice of any plausibly pleaded cause of action.

The plaintiffs submitted five objections. First, they contend that "constitutional violations committed under color of law" fall within an "exception" to Eleventh Amendment sovereign immunity. Second, they insist that the complaint does associate certain acts with individual defendants, asserting (without citing the pleading or any other portion of the record) that (1) defendant Whitman "stopped the plaintiffs without probable cause," (2) defendant Andringas ordered the plaintiffs to be detained due to "religious prejudice," (3) defendants Whitman, Morrison, and Riggs "used excessive force in fingerprinting the plaintiff against his will," and (4) defendant Andringas "broke [a] window" at plaintiff Alaiza El's home and "forced entry," with "assistance" from defendants Lopez, Cole, Morrison, and Riggs. Third, they argue that the magistrate judge erred by ignoring the principle that *pro se* pleadings should not be expected to include the sort of "technical details" expected in filings by attorneys. Fourth, they argue that the magistrate judge erred by "failing to address" their allegations of constitutional violations. Fifth,

they assert that they have been "repeatedly silenced in state and federal forums," and that this "underscores the necessity for this Court to intervene."

The defendants' motion invokes Federal Rule of Civil Procedure 12(b)(6). When addressing a pleading challenge under that rule, the Court is called upon to determine if the "complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). When reviewing the motion, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all [factual] allegations as true." *Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)).

When deciding a motion under Rule 12(b)(6), the Court looks only to the pleadings, *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008), the documents attached to them, *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)), documents referenced in the pleadings that are "integral to the claims," *id.* at 335-36, documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), and matters of public record, *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010). However, before a court considers documents "integral to the claims" and that are referenced in the complaint, "it must also be clear that there exists no material disputed issues of fact regarding

- 4 -

the relevance of the documents." *Diei v. Boyd*, 116 F.4th 637, 644 (6th Cir. 2024) (*Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 797 (6th Cir. 2012)). "[C]ourts may take judicial notice of facts in a public record that 'are not subject to reasonable dispute' — such as the court's ultimate resolution of a prior case." *Blackwell v. Nocerini*, 123 F.4th 479, 487-88 (6th Cir. 2024); *see also Prod. Sols. Int'l, Inc. v. Aldez Containers, LLC,* 46 F.4th 454, 457 (6th Cir. 2022) ("While the question of whether to grant a Rule 12(b)(6) motion to dismiss is typically confined to the pleadings, we may take judicial notice of other court proceedings without converting the motion into one for summary judgment."). However, beyond those materials, assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

Although the Court must liberally construe complaints filed by *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), such litigants nevertheless must satisfy the basic pleading requirements in Federal Rule of Civil Procedure 8(a), including the requirement that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought," Fed. R. Civ. P. 8(a)(2), (3). The purpose of that pleading rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell*, 550 U.S. at 555. Although this notice pleading standard does not require highly detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *See id.* at 555.

The Court determines, as did the magistrate judge, that all of the claims against the State of Michigan and its agencies and officials are barred by Eleventh Amendment sovereign immunity, and that the allegations in the complaint otherwise fail to make out any individualized claim of statutory or constitutional violations attributed to the conduct of any other named defendant.

The plaintiffs' first objection is simply wrong as a matter of law.  It is well settled that "[u]nder the Eleventh Amendment, states generally have sovereign immunity from suit in federal court."  *Enbridge Energy, LP v. Whitmer*, 135 F.4th 467, 473 (6th Cir. 2025) (citing *Va. Off. for Prot. & Advoc. v. Stewart (VOPA)*, 563 U.S. 247, 253-54 (2011)).  "Unless immunity is removed, individuals cannot seek 'monetary damages or retrospective relief.'"  *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 863 (6th Cir. 2024) (quoting *Ashford v. Univ. of Mich.*, 89 F.4th 960, 969 (6th Cir. 2024)).  This species of immunity also covers state officials sued in their official capacities.  *Brown v. Yost*, 103 F.4th 420, 433-34 (6th Cir. 2024) (citing *Boler v. Earley*, 865 F.3d 391, 409-10 (6th Cir. 2017)).  There are certain exceptions to the doctrine, for example, where a state official is sued by a plaintiff seeking exclusively prospective injunctive relief for future violations of constitutional rights.  *Id.* at 434 (citing *Ex parte Young*, 209 U.S. 123 (1908)).  "The straightforward inquiry used to determine if the *Ex parte Young* exception applies is . . . whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  *Ibid.* (cleaned up).  The allegations in the pleading here entirely concern past constitutional violations that already allegedly were accomplished by the defendants' conduct, and the plaintiffs seek money damages as compensation for those completed harms.  The complaint does not plausibly describe any prospective or "ongoing" unconstitutional conduct by any person or agency associated with the State of Michigan.  The plaintiffs have not identified any legal authority recognizing any other applicable "exception" to the general prohibition on suits against a state absent a waiver of sovereign immunity.

In their second objection, the plaintiffs purport to highlight incidents of alleged harms that they say were perpetrated by specific defendants.  However, none of those descriptive details were included in the complaint.  It is axiomatic that the Court's analysis of a pleading challenge under

Rule 12(b)(6) is confined to consideration of facts stated within the four corners of the complaint and papers integrated with the pleading. *Jones*, 521 F.3d at 562; *Wysocki*, 607 F.3d at 1104. The supposedly elucidating details cited in the objections appear nowhere within the sparse factual recitations in the complaint, as shown by the full transcription of the pleading's factual substance, which the magistrate judge included in his report. *See* ECF No. 35, PageID.295. Full review of the complaint shows that it does not anywhere allege specific conduct associated with any defendant by name, instead referring only to "defendants" as an undifferentiated group.

The plaintiffs' claims of statutory and constitutional violations are presented via 42 U.S.C. § 1983, through which individuals my seek redress in court against state actors for violations of rights secured by the Constitution and laws of the United States. To state a claim under that section, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). "When claiming damages for violations of constitutional rights, Plaintiffs 'must allege, with particularity, facts that demonstrate *what each defendant did* to violate the asserted constitutional right.'" *Ondo v. City of Cleveland*, 795 F.3d 597, 610 (6th Cir. 2015) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis added). Here, the complaint fails to allege with particularity any such facts concerning involvement by any individual defendant, and it is well settled in this circuit that generalized allegations against an undifferentiated collective of "defendants" do not measure up on this score. *Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 898, 2025 WL 2017233, at *12 (6th Cir. 2025) ("A critical aspect of the § 1983 universe is that to be held liable, a plaintiff must demonstrate that each state actor defendant, through the defendant's

own individual actions, has violated the Constitution. Warman's equal protection claim largely consists of nonspecific allegations that various defendants, through their mere involvement in enacting the university's vaccine policy, violated his constitutional rights by attributing wrongful acts to the whole group. This is insufficient. Warman thus fails to plausibly allege that any defendant violated his rights under the Equal Protection Clause.") (citing *Ondo*, 795 F.3d at 611; *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014)) (cleaned up); *see also Ondo*, 795 F.3d at 610-11 ("Plaintiffs' excessive-force claim consisted of nonspecific allegations that unnamed officers punched them repeatedly, especially 'in the face' or 'in the nose.' . . . [T]hese allegations of physical mistreatment are not sufficiently specific under *Lanman* to withstand Defendants' motion for summary judgment.").

Moreover, even if the additional details recited in the objections are considered, they do not supply any more helpful substance than the statements in the complaint, because they consist of nothing more than unelaborated allegations that certain individuals "racially profiled" the plaintiff, or "used excessive force" against him, or "detained him without probable cause," devoid of any illuminating factual details demonstrating the illegality of the individual conduct in question.  It is well established that "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to repel a pleading challenge under Rule 12(b)(6). *Bright v. Gallia County*, 753 F.3d 639, 652 (6th Cir. 2014) (*Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)).  The complaint and objections here offer nothing in the way of factual detail demonstrating that any defendant lacked probable cause to arrest him, used excessive force against his person, or in any other discernible way violated his rights by "racially profiling" him or subjecting him to "religious prejudice."  Faced with similarly deficient and conclusory allegations, federal courts regularly dismiss section 1983 claims as insufficiently

pleaded.  *E.g.*, *Rice v. Jones*, No. 22-3972, 2023 WL 8369996, at *2 (6th Cir. June 23, 2023) ("Rice did not allege any facts to support an inference that the defendants lacked probable cause to arrest him. Rice simply alleged that, after he called a company to tow his truck that the troopers had unlawfully searched the day before, the troopers 'falsely accused and arrested [him] for trespassing' and other 'conjured up' charges, which Rice did not identify in his complaint. Even after the magistrate judge pointed out the conclusory nature of these allegations, Rice reasserted them in his objections without adding any specific facts. . . . The allegation that Rice objected to the search of his vehicle before his arrest, without any details about the surrounding circumstances, does not suggest that 'an ordinarily prudent person' could not have believed that Rice was guilty of the underlying crimes, especially where Rice failed to identify each crime that he was charged with. Because Rice did not plausibly allege that the officers lacked probable cause, his claims— whether framed as false arrest or retaliatory arrest claims—were properly dismissed."); *Elliott v. Golston*, No. 22-5323, 2023 WL 3467036, at *3 (6th Cir. Feb. 9, 2023) ("We have made clear that simply handcuffing an arrestee during an otherwise lawful arrest does not constitute excessive force. Elliott produced no evidence to support his conclusory allegation that an unlawful arrest took place."); *Kirkendall v. Jaramillo*, No. 16-1500, 2016 WL 11005056, at *1 (6th Cir. Dec. 9, 2016) ("Kirkendall claims without elaborating further that he was subjected to 'cruel and unusual punishment,' experienced use of 'excessive force,' and was 'sexually harassed,' among other allegations. He did not, however, allege any specific instances of such conduct. Such conclusory allegations, unsupported by specific facts, fail to state a claim.").

In their third objection, the plaintiffs argue that the magistrate judge failed to apply a "generous construction" of the pleading.  As stated above, federal courts generally will liberally construe complaints filed by *pro se* litigants, *Haines*, 404 U.S. at 520-21, but such litigants

nevertheless must satisfy the basic pleading requirements in Federal Rule of Civil Procedure 8(a), including the requirement that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought," Fed. R. Civ. P. 8(a)(2), (3).  The largesse afforded to *pro se* pleadings is not without limitation, because the complaint still must offer more than the bare assertion of legal principles or conclusions.  *Bell*, 550 U.S. at 555.  The complaint in this case offers nothing more than conclusory allegations of harm devoid of any substantial factual details.

Finally, the plaintiffs' fourth and fifth objections do not point to any specific error of fact or law in the magistrate judge's report, merely asserting in a generalized fashion that the magistrate judge "failed to address" the claims of constitutional violations, and that the Court should "intervene" because the plaintiffs have been "silenced" in state and federal forums.  However, generalized commentary and grievances about wrongfulness or injustice in the magistrate judge's recommendation do not suffice to constitute cognizable "objections" calling for corrective action by this Court.  *McClanahan*, 474 F.3d at 837; *Smith*, 829 F.2d at 1373.

Accordingly, it is **ORDERED** that the plaintiffs' objections (ECF No. 36) are **OVERRULED**, the report and recommendation (ECF No. 35) is **ADOPTED**, the defendants' motion to dismiss (ECF No. 21) is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiffs' improperly submitted request for summary judgment is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 24, 2025